

APR 0 9 2012

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

KAREN L. LOEFFLER
United States Attorney

KEVIN R. FELDIS
FRANK V. RUSSO
CRAIG WARNER
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
kevin.feldis@usdoj.gov
frank.russo@usdoj.gov
craig.warner@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ISRAEL KEYES, )<br>)<br>Defendant. )<br>_____ ) | Case No. ~~3:12-cr-00041-TMB~~<br>3:12-mc-00017 RRB<br><br>**FILED UNDER SEAL**<br><br>**EX PARTE DECLARATION**<br>**OF FRANK V. RUSSO** |

I, Frank V. Russo, declare pursuant to 28 U.S.C. § 1746, and state as

follows under the penalty of perjury:

1. I am an Assistant United States Attorney for the District Alaska assigned to prosecute the above-captioned case. As such, I am fully familiar with the facts stated herein. I make this declaration <u>ex parte</u> and under seal because it discloses sensitive investigative information, as well as seeks authorization from the Court concerning matters of professional responsibility. As such, I submit that there is "good cause" for the instant motion, declaration, and order to be submitted <u>ex parte</u> and being placed under seal.

2. The United States Attorney's Office for the District of Alaska is prosecuting Israel Keyes for Access Device Fraud as a result of using a debit card that was connected to Samantha Koenig, the victim of a kidnaping in Anchorage. After his arrest, Keyes became the main suspect in the kidnaping. Upon his return to Alaska, Keyes was appointed counsel to represent him on the charge of Access Device Fraud in the above-captioned indictment. Federal Public Defender Rich Curtner was appointed as his counsel. Keyes, through his counsel, agreed to meet with law enforcement and discuss the abduction of the Koenig, and to reveal where he disposed of her body. Keyes also agreed to plead guilty to kidnaping causing the death of Samanth Koenig. In return, the United States agreed that it would advocate against imposition of the death penalty for Keyes in relation to the

kidnapping of Koenig. We made this agreement in a letter which the United States Attorney, Keyes, and Mr. Curtner signed.

3. On Friday, March 30, Keyes and his attorney met with representatives from law enforcement, including the undersigned, for the purposes of confessing to the abduction of Koenig and revealing where he disposed of her body. Keyes told us that he killed Koenig, dismembered the body, placed the body parts down in a fishing net with weights, and dropped them in an ice fishing hole in a lake north of Anchorage. Investigators are in the process of attempting to recover the body. During this meeting, however, Keyes gave the impression that he had committed other murders, referring to the fact that he had been "two different people" for 14 years, and that he had "other stories to tell." When we attempted to inquire about other murders, Mr. Curtner advised him not to speak about other murders, since there were no agreements with respect to other crimes Keyes may have committed.

4. We were scheduled to meet with Keyes today, April 1. However, yesterday and today, Mr. Curtner advised Assistant U.S. Attorney Kevin Feldis that he was having "ethical and moral" problems representing Keyes, and needed to seek further advice. Mr. Curtner advised that Keyes wanted to represent himself, keep talking to investigators, and actually wanted to receive the death

3

penalty. Accordingly, Mr. Curtner canceled the meeting today until he is able to obtain further legal guidance.

5. Today, AUSA Feldis advised Mr. Curtner that we would like to continue questioning Keyes about *other murders* (i.e., other than Koenig) that Keyes committed. AUSA Feldis invited and encouraged Mr. Curtner to attend, but also advised that our analysis is that Mr. Keyes is only represented by counsel with respect to crimes he committed involving Koenig. In other words, Mr. Keyes has no Sixth Amendment right to counsel with respect to the potential murders of other victims. Thus, we indicated our intent to continue questioning him about such other potential murders. Of course, Keyes still has a Fifth Amendment right to refuse to answer questions that may incriminate him, and we intend to advise him of this in accordance with the law.

6. Alaska Rule of Professional Conduc 4.2 provides:

*Communication with Person Represented by Counsel.*

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party or person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Comment five of this rule further provides:

> Communications authorized by law may include communications by a lawyer on behalf of a client who is exercising a constitutional or other legal right to communicate

4

> with the government. <u>Communications authorized by law may also include investigative activities of lawyers representing governmental entities, directly or through investigative agents, prior to the commencement of criminal or civil enforcement proceedings.</u>

Alaska Rule of Professional Conduct 4.2, note 5 (emphasis added).

7. Thus, I submit that questioning Keyes about murders *other than Koenig* is a "communication authorized by law" and thus is permissible pursuant to Rule 4.2. Nonetheless, I make this application out of an abundance of caution, given the serious nature of the above described situation. Accordingly, I respectfully request the Court authorize this contact with Keyes by approving the order attached hereto.

RESPECTFULLY SUBMITTED this 1st day of April, 2012 in Anchorage, Alaska.

          KAREN L. LOEFFLER
          United States Attorney

          FRANK V. RUSSO
          Assistant U.S. Attorney
          Federal Building & U.S. Courthouse
          222 West Seventh Avenue, #9, Room 253
          Anchorage, Alaska 99513-7567
          (907) 271-5071
          (907) 271-1500 (fax)
          Frank.Russo@usdoj.gov